NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3027

JOSEPH N. WRIGHT,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Joseph N. Wright, of Flossmoor, Illinois, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3027

JOSEPH N. WRIGHT,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443080481-I-1.

_____

DECIDED: March 10, 2009

_____

Before LOURIE, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Joseph Wright petitions for review of the final decision of the Merit Systems Protection Board ("Board") which dismissed his appeal for lack of jurisdiction.  <u>Wright v. U.S. Postal Serv.</u>, No. CH-3443-08-0481-I-1 (M.S.P.B. Oct. 21, 2008) ("<u>Final Decision</u>").  The Board held that Mr. Wright had failed to allege (1) facts sufficient to establish that his resignation from the United States Postal Service ("Postal Service" or "agency") was involuntary or (2) that he had a right to reinstatement under applicable regulations.

<u>Wright v. U.S. Postal Serv.</u>, No. CH-3443-08-0481-I-1 (M.S.P.B. July 18, 2008) ("<u>Initial Decision</u>").  We <u>affirm</u>.

## DISCUSSION

### I.

Beginning in May of 2006, Mr. Wright stopped coming to work at the agency's Bulk Mail Center.  In an "unauthorized absence" letter dated June 20, 2006, the Postal Service informed Mr. Wright that he had not been in "duty status" since May 10, 2006.  He was directed to return to duty immediately or risk separation.  He also was instructed to submit evidence substantiating the reason for his absence.

On June 26, 2006, Mr. Wright submitted a request for 120 days of leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 (2006).  Mr. Wright stated that he needed the leave in order to care for his grandmother, Mrs. Roberta Snipes.  On July 14, 2006, the Postal Service denied Mr. Wright's leave request because he "failed to submit acceptable documentation that [his] grandmother" was an eligible family member under FMLA.  In the letter, the Postal Service informed Mr. Wright of the types of documents he could submit to establish that his grandmother was an eligible family member.  Shortly thereafter, on August 21, 2006, Mr. Wright resigned from the agency.  Standard Form 50 Notification of Personnel Action lists "voluntarily resigned—career change" as the reason for Mr. Wright's action.

Subsequently, Mr. Wright sought reinstatement.  The Postal Service denied the request on the ground that Mr. Wright's performance history demonstrated an inability to meet the agency's "normally expected standards and needs."  The agency noted specifically a "history of poor work performance."

II.

On April 10, 2008, Mr. Wright appealed to the Board the agency's decision not to reinstate him. In his appeal form, Mr. Wright stated that he resigned involuntarily because he "needed more time for [his grandmother's] care." In letters to the Board, Mr. Wright explained that he had applied for, but was denied, leave under FMLA, because he had not provided the necessary documents to prove that his grandmother raised him. Mr. Wright stated that in July 2006, he had sought to obtain "a copy of [his] school records with the Chicago Public Schools Student Records Services" to use as proof that his grandmother raised him, but he had not received a response to his request. Finally, recognizing that the Postal Service had considered his "previous disciplinary record" in deciding not to reinstate him, Mr. Wright stated that he had "supporting documents [showing that his] work performance was [a]ffected by . . . prescribed medication."

On June 27, 2008, the administrative judge ("AJ") to whom the appeal was assigned issued an order explaining that, generally, the Board does not have jurisdiction over an agency's failure to hire or voluntary resignations. The AJ instructed Mr. Wright to submit evidence and/or argument amounting to a non-frivolous allegation that his resignation was based upon duress, coercion, or misrepresentation.

Mr. Wright responded to the jurisdictional order in a letter dated July 8, 2008. He explained that, at the time of his resignation, he had been "under pressure to provide [the Postal Service with] information" to prove that his grandmother was an eligible family member under FMLA, and that he had only recently acquired proof that his grandmother was his guardian. Enclosed with his response was a letter dated May 20,

2008, from the secretary of Woodland School confirming that, during his high school years, Mr. Wright had resided with his grandparents, John and Roberta Snipes, and that his grandparents were his guardians.

On July 18, 2008, the AJ issued an initial decision, dismissing Mr. Wright's appeal for lack of jurisdiction. Initial Decision, slip op. at 1. Addressing Mr. Wright's claim of involuntary resignation, the AJ concluded that Mr. Wright had not shown that his resignation was the result of improper acts by the agency. Therefore, he had not carried its burden of proving that this resignation was involuntary. Id. at 4.

Addressing Mr. Wright's failure-to-rehire claim, the AJ explained that "[a]bsent a specific right to restoration to duty under 5 C.F.R. Part 353 (restoration following military service or compensable injury) or to reemployment under 5 C.F.R. Part 352 (reemployment based on movement between executive agencies during emergencies), an appellant has no right to appeal to the Board from an agency's decision to deny reinstatement." Id. at 4. The AJ then concluded that, because Mr. Wright had "not alleged a right to reinstatement under one of those regulations, he [had] failed to establish the Board's jurisdiction to review the agency's decision to deny him reinstatement." Id. at 4–5. The Initial Decision became the final decision of the Board when the Board denied Mr. Wright's petition for review. Final Decision, slip op. at 2.

III.

We have jurisdiction over Mr. Wright's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or

regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999). An appellant has the burden of establishing Board jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2) (2009).

A.

Normally, the Board lacks jurisdiction over resignations and retirements because those acts are presumed voluntary. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1327–28 (Fed. Cir. 2006) (en banc). One way an appellant can overcome the presumption of voluntariness and obtain a hearing on jurisdiction, however, is by making non-frivolous allegations that the resignation or retirement was coerced through "working conditions so intolerable" that the employee was forced to leave. Id. at 1328 (quotation marks omitted). The test for coercion requires the employee to show that "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." Shoaf v. Dep't of Agric., 260 F.3d 1336, 1341 (Fed. Cir. 2001).

On appeal, Mr. Wright argues that his resignation was coerced and that he had no realistic alternative to resigning. In making this argument, he points to the statement in the agency's June 20, 2006 letter that he had to report for duty and explain his absence or risk separation from duty. Pet'r Br. at 1. According to Mr. Wright, this letter, combined with his previous experiences in dealing with personnel actions, led him to

believe that he was going to be terminated. Id. As a result, he claims he believed that resignation was the best way to protect his federal employment status and keep open the possibility that he return to the Postal Service. Id.

We see no error in the Board's decision that Mr. Wright failed to make non-frivolous allegations that his resignation was involuntary. Mr. Wright resigned from the Postal Service after being told by the agency that he had to provide documentation in support of his request for FMLA leave. In addition, as seen, Mr. Wright told the Board that he resigned because he "needed more time for [his grandmother's care]." The circumstances of Mr. Wright's resignation, as alleged by him, do not suggest coercion on the part of the agency. His arguments to the contrary on appeal are not supported by the record.

B.

We also see no error in the Board's determination that it lacked jurisdiction over the agency's decision not to rehire Mr. Wright. Failure to rehire is not one of the adverse actions from which the Board entertains appeals pursuant to 5 U.S.C. § 7512 (2006). As explained by the AJ, "[a]bsent a specific right to restoration to duty under [the applicable regulations], an appellant has no right to appeal to the Board from an agency's decision to deny reinstatement." Initial Decision, slip op. at 3. Here, Mr. Wright resigned from his position to take care of his grandmother, and over a year later, requested reinstatement. The Postal Service denied Mr. Wright's request for reinstatement because his "prior work record of poor attendance and previous disciplinary record" did "not meet [the agency's] normal expected standards and needs." Mr. Wright has not alleged that these circumstances provide him with a right to appeal

to the Board under any regulation. Thus, Mr. Wright failed to establish a right to reinstatement that would provide the Board with jurisdiction over his appeal.

For the foregoing reasons, we affirm the final decision of the Board dismissing Mr. Wright's appeal for lack of jurisdiction.

No costs.